ELECTRONICALLY FILED
5/17/2023 2:17 PM
05-CV-2023-900564.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>05 |
|---|---|---|

Date of Filing:        Judge Code:
05/17/2023

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**

**JASMINE ANDERSON v. BUC-EE'S ALABAMA, LLC**

**First Plaintiff:** ☐ Business  ☑ Individual       **First Defendant:** ☑ Business  ☐ Individual
                      ☐ Government  ☐ Other                          ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING          A ☐ APPEAL FROM          O ☐ OTHER
                                            DISTRICT COURT

              R ☐ REMANDED          T ☐ TRANSFERRED FROM
                                        OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO     **Note:** Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**     ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
_____LAW036_____          _____5/17/2023 2:17:00 PM_____          _____/s/ JOHN DAVID LAWRENCE_____
                                   Date                                    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

**EXHIBIT**
**A**

ELECTRONICALLY FILED
5/17/2023 2:17 PM
05-CV-2023-900564.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

**JASMINE ANDERSON,**

     **Plaintiff,**

**v.**

                       **Civil Action No.:**

**BUC-EE'S ALABAMA, LLC,**
**a corporation; No. 1**, whether singular or plural, that entity or those entities who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit; **No.2**, whether singular or plural, that entity or those entities who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit; **No.3**, whether singular or plural, that entity or those entities who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence; **No.4**, whether singular or plural, that entity or those entities who or which controlled and/or had the right to control the premises and/or the equipment/storage containers/coolers/refrigerants involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence; **No.5**, whether singular or plural, that entity or those entities which controlled or had the right to control the area involved in the occurrence made the basis of this lawsuit at the time of said occurrence; **No.6**, whether singular or plural, that person or persons, entity or those entities who or which maintained the premises involved in the occurrence made the basis of this suit; **No. 7**, whether singular or plural, that person or persons, entity or those entities who or which had responsibility for the inspection and/or maintenance of the equipment/coolers/storage containers/refrigerants on the premises involved in the occurrence made the basis of this suit; **No. 8**, whether singular or plural, that person or persons, entity or those entities who or which conducted safety inspections at or with reference to the site involved in the occurrence made the basis of this lawsuit, prior to and/or on the date of said occurrence; **No.9**, whether singular or plural, that entity or those entities, including, but not limited to, the general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit which conducted any safety inspection or analysis of, or with regard to the premises involved in the occurrence made the basis of this lawsuit at any time prior to said occurrence; **No.10**, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, for any of the named Defendant or fictitious party Defendant listed or named herein; **No. 11**, whether singular or plural, that entity or those entities, person or persons, whose negligent, willful, wanton, intentional, or other wrongful conduct caused and/or contributed to cause the occurrence made the basis of plaintiff's complaint; **No. 12**, whether singular or plural, that person or persons, entity or those entities, other than those entities described above, which are the successors in interest of those persons and/or entities described herein; **No. 13**, the correct entity for the store in which the occurrence made the basis of this lawsuit occurred; **No. 14**, whether singular or plural, the person or persons who was responsible for inspecting/maintaining or otherwise controlled the equipment/cooler/storage container which caused Plaintiff's injuries, or otherwise caused or contributed to cause the injuries to Plaintiff as alleged herein. **No. 15**, whether singular or plural, that person or persons, entity or entities who controlled, otherwise directed or trained the person(s), by whatever name called, that were responsible for maintaining the premises made the basis of this lawsuit or otherwise caused or

contributed to cause the injuries to the Plaintiff as alleged herein; **No. 16,** whether singular or plural, that person or persons, entity or entities who are responsible for the legal wrongs asserted in this Complaint; **No. 17,** whether singular or plural, that person or persons, entity or entities who were involved in the events that caused the Plaintiff's injuries and contributed to such injuries as alleged herein; **No. 18,** whether singular or plural, that person or persons who were responsible for the management and/or supervision of  employees on the date and site of the incident made the basis of this lawsuit. Plaintiff avers that the identity of the fictitious party Defendant is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time their identity as proper party Defendant is not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

)
)
**Defendants.**                    )

## COMPLAINT

COMES NOW the Plaintiff, by and through undersigned counsel, and complains of the named and fictitious party defendants as follows:

### (Parties, Jurisdiction and Venue)

1.  Plaintiff, JASMINE ANDERSON, is over the age of nineteen and is a resident citizen of the State of Louisiana.

2.  Defendant, BUC-EE'S ALABAMA, LLC, is incorporated in the State of Alabama. with its principal place of business in Lake Jackson, Texas.  At the time of the incident made the basis of this action, this Defendant was doing substantial business in Alabama, specifically, in Baldwin County, Alabama.

3.  The term "defendant" used herein refers to each and all Defendants, both named and fictitious.  At all times relevant herein the Defendant acted alone and/or in concert with other Defendants or others, are liable to Plaintiff jointly and severally, and all actions and conduct herein described proximately caused or contributed to the injuries sustained by the Plaintiff.

4.  At all times relevant herein, all named and fictitious Defendants which are corporations or legal entities, acted through agents, employees, and officers, who were acting within the line and scope of their agency or employment or authority; the acts and conduct of said persons were at all times ratified and approved by Defendants, and done for the benefit of Defendants.

5.  The actions, inactions and/or events giving rise to the Plaintiff's claims occurred wholly within the geographical boundaries of Baldwin County, in the State of Alabama.

6.  The amount in controversy exceeds the jurisdictional minimums of this Honorable Court.

7.  Jurisdiction and venue are proper in this Court.

## COUNT I

## Negligence or Wantonness

8.  Plaintiff re-adopts and re-alleges paragraphs 1 through 7 above as if set out fully herein.

9.  On or about 6/7/2021, Plaintiff was a business invitee on the premises of (hereinafter collectively "Defendant") located in 20403 County Road 68, Robertsdale, AL 36567.

10.  On said date and place, Plaintiff was caused to slip and fall when she was walking toward the refrigerated drinks and encountered a slippery substance on the floor, thereby causing her serious personal injuries.

11.  The Plaintiff further alleges that on said date and at said place, the Defendant and those designated fictitious parties negligently maintained the area where the Plaintiff was injured and negligently failed to insure safe and hazard-free premises in the area where the Plaintiff was injured.

12. The Plaintiff further alleges that the Defendants, whether named or fictitious party Defendants, had a duty to provide a safe, secure and hazard-free establishment for patrons on said premises.

13. The Plaintiff further alleges that the Defendants, whether named or fictitious party Defendants, were negligent or wanton in their maintenance of the area where the Plaintiff fell, and that the Defendants' negligence or wantonness rendered said area a hazard and otherwise dangerous condition for individuals, including the Plaintiff.

14. The Plaintiff further alleges that the Defendants, whether named or fictitious party Defendants, negligently or wantonly caused or allowed a dangerous condition to exist on said premises and failed to warn the Plaintiff or other members of the public about such dangers.

15. Defendants acted negligently or wantonly in breaching its duty and failing to provide a hazard-free environment for its invitees.

16. Plaintiff also alleges that at the time of the above alleged negligent or wanton acts, all agents/servants/employees of Defendants were acting at the direction of Defendants, and/or their acts were ratified by Defendants. Accordingly, Defendants are liable to the Plaintiff for the negligent or wanton acts of their agents/servants/employees under the doctrine of *respondeat superior* and/or master-servant relationship.

17. The Plaintiff further alleges that as a direct and proximate result of aforesaid negligence or wantonness on the part of the Defendants, whether named or fictitious party Defendants, the Plaintiff, , was proximately caused to suffer the following injuries and damages:

a. She was caused to suffer immense physical pain and mental anguish;

b. She was permanently injured;

c. She was prevented from going about his/her normal activities;

d.      She was caused to incur medical expenses to treat and cure his/her injuries, and will be caused in the future to expend sums of money for medical expenses; and

e.      She was caused to be injured and damaged, all to his/her detriment.

18.      Plaintiff avers that on said occasion, the negligence or wantonness of Defendants, whether named or fictitious parties, combined and concurred, caused the Plaintiff to be injured and suffer damages as set forth herein.

WHEREFORE, the Plaintiff demands judgment against Defendants, separately and severally, including fictitious party Defendants, and requests that the jury selected to hear this case render a verdict for the Plaintiff and against each Defendant in a sum in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate the Plaintiff for the above-described damages, together with interest from the date of the incident, and the costs of the proceeding.  The Plaintiff further requests that the jury award punitive damages to Plaintiff in an amount which is adequate to reflect the enormity of the Defendant's wrongful acts and which will deter and/or prevent other similar or wrongful acts.

## COUNT II

## Negligent Hiring, Training and/or Supervision

19.      Plaintiff adopts and re-alleges each and every paragraph above as if fully set forth herein.

20.      Plaintiff alleges that Defendants owed a duty to its patrons and business invitees (i.e. customers) to hire employees who would not cause or contribute to injury of said customers, but instead use ordinary care to maintain and operate reasonably safe premises.

21.     Plaintiff further alleges that Defendants owed a duty to its customers to properly train employees in such a manner as to prevent customer injuries such as those sustained by the Plaintiff.

22.     Plaintiff further alleges that Defendants owed a duty to its customers to properly train and supervise its employees in such a manner as to prevent conduct or omissions by said employee(s) that could or would cause injuries to customers such as those sustained by the Plaintiff.

23.     Plaintiff alleges that Defendants failed to properly hire employees that would not engage in behavior that would result in, or contribute to, customer injuries. Plaintiff further alleges that Defendants failed to properly train and/or supervise these same employees in such a manner as to prevent customer injuries and maintain reasonably safe premises.

24.     As a direct or proximate consequence of Defendants' negligent hiring, training and/or supervision as described above, the Plaintiff was caused to suffer serious and permanent injuries as outlined in Paragraph 17 of COUNT I.

25.     The Plaintiff alleges that the negligent or wanton conduct of each of the Defendants, both named and fictitious, combined and concurred to proximately cause the Plaintiff's injuries as set forth herein.

WHEREFORE, the Plaintiff demands judgment against the Defendants, separately and severally, including fictitious party defendants, and requests that the jury selected to hear this case render a verdict for the Plaintiff and against each Defendant in a sum in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate the Plaintiff for the above-described damages, together with interest from the date of the incident, and the costs of the proceeding. The Plaintiff further requests that the jury award punitive damages to Plaintiff in an

amount which is adequate to reflect the enormity of the Defendants' wrongful acts and which will deter and/or prevent other similar or wrongful acts.

## COUNT III

### Fictitious Defendants

26.    Plaintiff hereby incorporates the allegations contained in each of the above paragraphs as if fully set out herein.

27.    Plaintiff alleges that the negligence and other tortuous conduct of the Fictitious Defendants, identified as Defendants "No.1 – No. 18," whose acts are described in the caption of this Complaint and incorporated as if fully set out herein, combined and concurred with the conduct of the named Defendants to proximately or directly cause the injuries and damages as set out in COUNT I and COUNT II above.

28.    Fictitious Defendants "No.1 – No. 18," whose current names and/or identities are unknown to the Plaintiff at the present time, will be substituted by amendment within a reasonable time in accordance with ARCP 9(h), when said defendants are ascertained.

WHEREFORE, the Plaintiff demands judgment against the Defendants, separately and severally, including fictitious party defendants, and requests that the jury selected to hear this case render a verdict for the Plaintiff and against each Defendant in a sum in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate the Plaintiff for the above-described damages, together with interest from the date of the incident, and the costs of the proceeding.  The Plaintiff further requests that the jury award punitive damages to Plaintiff in an amount which is adequate to reflect the enormity of the Defendants' wrongful acts and which will deter and/or prevent other similar or wrongful acts.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

*/s/ John David Lawrence*
John David Lawrence (LAW 036)
Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY**

*/s/ John David Lawrence*
Of Counsel

OF COUNSEL:

FARRIS, RILEY & PITT, LLP
The Gray Building
1728 Third Avenue North
Fifth Floor
Birmingham, AL 35203
Phone: (205) 324-1212
Fax: (205) 324-1255

**<u>PLEASE SERVE DEFENDANT BY CERTIFIED MAIL:</u>**

**Buc-ee's Alabama, LLC**
**c/o CT Corporation System**
**2 North Jackson Street, Ste. 605**
**Montgomery, AL  36104**

DOCUMENT 3



ELECTRONICALLY FILED
5/17/2023 2:17 PM
05-CV-2023-900564.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

**JASMINE ANDERSON,**

     **Plaintiff,**

**v.**

**BUC-EE'S ALABAMA, LLC., et al.,**

     **Defendants.**

**CASE NO.:**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

     Plaintiff submits the following Interrogatories and Requests for Production of Documents to Defendant, BUC-EE'S ALABAMA, LLC, to be answered pursuant to *Alabama Rules of Civil Procedure* 33 and 34.

## <u>INSTRUCTIONS</u>

     1.    You are under a duty to reasonably supplement or amend your responses to several of these Interrogatories and Requests as required by Ala. R. Civ. P. 26(e).

     2.    Each Interrogatory shall be answered separately and fully in writing under oath in accordance with Ala. R. Civ. P. 33(a).

     3.    All documents or things responsive to a request set forth herein shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories set forth in these requests as required by Ala. R. Civ. P. 34(b).

     4.    With respect to any documents or things withheld by you due to a claim of privilege or other objection, list for each such document or thing:

          a.    type of document or thing (e.g., memorandum, letter, etc.);
          b.    author(s);
          c.    recipient(s);
          d.    subject matter;
          e.    nature of privilege asserted or other objections;
          f.    the part of the document withheld; and
          g.    a description of the thing withheld.

5.    If any document or thing requested herein has been destroyed or otherwise disposed of, list for each such document or thing:

      a.    type of document or thing (e.g. letter, memorandum, etc.);
      b.    author(s);
      c.    recipient(s);
      c.    the approximate or actual date of the document;
      d.    subject matter;
      e.    the person who destroyed or otherwise disposed of the document or thing;
      f.    in the case of disposition, the person to whom the document or thing was transmitted or to whom a copy was provided;
      g.    the date of destruction or disposition; and
      h.    the reason for destruction of disposition.

## **DEFINITIONS**

1.    "Person" or "persons" means any individual, corporation, partnership, limited liability company, unincorporated association, or other legal entity or form of organization or association.

2.    "You" or "your" means  in this action, its agents, officers, directors, employees, representatives, or other entities acting or purporting to act on its behalf.

3.    "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request or interrogatory any documents or information that might otherwise be construed to be outside its scope.

4.    "Communication" means any occurrence whereby facts, opinions, data, or information are transmitted between two or more persons, including, but not limited to, any meeting, conversation, discussion, correspondence, or any other form of oral or written interchange.

5.    "Identify" has the following meanings in the following contexts:

      a.    when used with respect to a person, to provide that person's name, date of birth, address, home telephone number, work telephone number, employer, and place of employment;
      b.    when used with respect to a place or location, to provide the address, city, county, and state where that place is located;
      c.    when used with respect to a document or thing, to provide that document's or that thing's current location, author, recipient, subject matter, and date;
      d.    when used with respect to a transaction, occurrence, or act, to set forth the

event or events constituting such a transaction, occurrence, or act, the location of the same, and the date and the persons participating in the same.

6.     The words "Document" or "Documents" are used to refer to the full scope of documents, writings, and other tangible things discoverable under Ala. R. Civ. P. 34, in whatever form and however and by whomever made.  Please note that "document(s)" as so defined include, but are not limited to, any documents or information stored on computer databases, electronic mail, or otherwise in any retrievable form, as well as every document, writing, or other tangible thing, including without limitation the following items, whether printed, typed, recorded, filmed, stored in a computer format, written, produced by hand or by any other process, and whether original, master, duplicate, or copy; statements; reports; charts; graphs; bills; statements of account; agreements; communications, whether interoffice, intraoffice, or otherwise; correspondence; papers; cablegrams; mailgrams; telegrams; notes, memoranda, summaries, minutes, records, videotapes, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions, and things similar to the foregoing; books, manuals, publications, and diaries; engineering reports and notebooks; plats; test results; plans; sketches or drawings; photographs; summaries of investigations; surveys; opinions and reports of expert witnesses, appraisers, or consultants; projections; corporate records; minutes of board of directors or committee meetings; desk calendars; appointment books; diaries; diary entries and notes; and any other information-containing paper, writing, or physical thing.

## **INTERROGATORIES**

1.     State this Defendant's name correctly and/or the correct way this Defendant should be designated as a party Defendant in an action at law (at the time of the occurrence made the basis of this suit and at the time these interrogatories were answered).

2.     Who were the supervisory employees during the business hours on March 8, 2022? Your response should include the full name of any and all employees, job titles, last known addresses and social security numbers.

3.     State the name and address of each person from whom a statement has been obtained by this Defendant or on behalf of this Defendant.

4.     Describe this Defendant's account of the occurrence made the basis of the complaint, i.e., how the Plaintiff's accident occurred.  Include in your response a detailed description of the date, time and all events which had any bearing on the cause and manner of the occurrence whether said event occurred before, at the time of, or after the happening of the occurrence.

5.    Was an investigation or report made by and/or for the Defendant pertaining to the occurrence made the basis of this lawsuit?  If so, provide the following information:

      a)    The contents, nature and substance of any and all reports that were made;

      b)    The result and/or conclusions of any and all investigation conducted;

      c)    The dates and times for any and all investigations and/or reports generated;

      d)    The name and job title of the person or persons who conducted any such investigation and/or produced any such reports;

      e)    The name and job title the person and/or persons who supervised and/or participated in any way with regard to any investigation and/or report generated there from; and

      f)    The name and job title of the person and/or persons who are in the care, custody and control of such documents at the present time.

6.    Describe all acts, actions, activities or movements which, to this Defendant's knowledge, any employee of the Defendant or anyone else to this Defendant's knowledge, saw relating to the Plaintiff's activities *up to and including* the time of the occurrence made the basis of this suit which relate in any way to said occurrence.

7.    Describe any safety inspections or other types of inspections conducted by this Defendant, any employee of this Defendant or anyone acting on behalf of this Defendant at or about the scene of the occurrence made the basis of this lawsuit at any time either before or after the date of the occurrence made the basis of this lawsuit.

8.    Describe any recommendations and/or changes this Defendant, anyone acting on this Defendant's behalf or anyone to this Defendant's knowledge made to any person or entity either prior to or as a result of the occurrence made the basis of this lawsuit.

9.    Describe any hazard or unsafe condition relating to the area where Plaintiff was injured recognized by this Defendant or any of this Defendant's employees, agents or representatives at any time prior to the occurrence made the basis of this lawsuit.

10.    State the full name and address of any person who received injuries at or about the location involved in the occurrence made the basis of this lawsuit prior to the occurrence made the basis of this lawsuit.

11.    Describe when and by whom you were first informed of Plaintiff's injury at the site of the occurrence made the basis of this suit.

12.    Please state the name and address of the individual whose responsibility included the inspection (safety or otherwise) of the area where the Plaintiff was injured on the occasion of the occurrence made the basis of Plaintiff's complaint.

13.    Describe the type of insurance coverage or protection and the limits of liability thereto provided to this Defendant or which or may be used to satisfy any judgment in this action at the time of the occurrence made the basis of this suit or at any time prior thereto.

14.    List each and every report, claim form and/or any document by whatever name and the subject of the contents thereof, that this Defendant required members of its employment and/or loss control or loss prevention department to complete relating to safety or loss control inspections.

15.    State the full name and address of each witness that you expect to call at the trial of this case.

16.    Describe any statements in any form you, your attorney, your insurance carrier or anyone acting on your or their behalf obtained from any persons regarding any of the events or happenings that occurred at the scene of the incident referred to in the complaint immediately before, at the time of, or immediately after said accident. This request should include the name, address, telephone number and social security number or any person(s) from whom a statement was obtained.

17.    State the full name and address of every witness known to you, or to your attorney, who has any knowledge regarding the facts and circumstances surrounding the happening of the incident referred to in the complaint, including but not limited to, eyewitnesses to such event.

18.    Please state the name and address of each expert witness that you expect to call at the trial of this case and state the subject matter on which said experts are expected to testify.

19.    Please state the substance of the facts, opinions and conclusions to which each and every expert is expected to testify in this case.

20.    State the name, address and job title of each person who was contacted in answering these interrogatories or who provided information relevant to the answering of the interrogatories

and the proper designation of each book, document or record which was searched in answering these interrogatories.

21.     Please provide the last known name, address, and telephone number of any employee of this Defendant who was working on the date of the accident made the basis of this suit, including, but not limited to, that person who inspected and/or maintained and/or cleaned the premises in the area where the Plaintiff was injured.

22.     Describe any statements and/or conversations had between the Plaintiff and this Defendant, employees or anyone acting on this Defendant's behalf regarding any of the events or happenings that occurred at the scene of the incident referred to in the complaint immediately before, at the time of, or immediately after said accident.  This request should include the name, address, telephone number and social security number of any and all persons who was a party to said conversation(s) and/or heard said statement(s).

23.     Is it the contention of the Defendant that the Plaintiff, by any act or omission, caused or contributed to cause her own injury?  If so, state in complete detail each and every act or omission by the Plaintiff that you contend caused or contributed to cause her injury.

## **REQUESTS FOR PRODUCTION**

1.     Produce copies of all statements or accounts, written or recorded, of any persons (including the Plaintiff) known to you, your agents, employees and/or attorneys who have knowledge of the facts involved in the occurrence made the basis of the complaint.

2.     Produce copies of all witness statements or reports made or submitted to this Defendant or anyone to this Defendant's knowledge of the occurrence made the basis of this lawsuit.

3.     Produce copies of any photographs or motion pictures of the persons, places or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence (this includes the relevant surveillance video in WT Enterprises, LLC, d/b/a Benton Nissan, that captured the incident the basis of this lawsuit).

4.     Produce a layout of the surveillance cameras in the premises in question and the areas that the camera records.

5.     Produce copies of each and every note, memorandum, item of correspondence, drawing, picture and/or other document pertaining to any safety inspections, or other type of inspections, conducted by this Defendant at or about the scene of the occurrence made the basis of this lawsuit.

6

6.      Produce copies of each and every note, memorandum, item of correspondence, drawing, picture or other document pertaining to any changes and/or recommendations made by this
Defendant or anyone to this Defendant's knowledge to any person or entity as a result of the occurrence made the basis of this lawsuit.

7.      Produce copies of each and every note, memorandum, item of correspondence, drawing, picture or other document pertaining to any hazard or unsafe condition recognized by this Defendant or any of this Defendant's employees, agents or representatives at any time prior to the occurrence made the basis of this lawsuit.

8.      Produce copies of each and every report, note, memorandum, item of correspondence, drawing, picture or other document or data pertaining to any injuries received by any person at or about the area involved and prior to the occurrence made the basis of this lawsuit.

9.      Produce copies of each and every statement obtained by you, your attorney, your insurance carrier or anyone acting on your or their behalf from any persons regarding any of the events or happenings that occurred at the scene of the incident referred to in the complaint immediately before, at the time of, or immediately after said accident.

10.     Please produce a copy of each and every insurance agreement under which any person carrying on an insurance business or entity carrying on an insurance business may be liable to satisfy part of or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any judgment rendered in this action.  This should include any primary and excess insurance policy and should include all portions of the policy including, but not limited to, the declaration page or pages.

11.     Please provide any and all policy and/or procedure manuals, booklets, pamphlets, written instructions, employee handbooks, safety literature, safety policies, owner's manuals, operator's manuals, or other documents that direct or instruct employees with respect to responsibilities concerning inspection procedures (safety or otherwise).

12.     Produce any and all documentation evidencing or relating to all repairs, modifications, maintenance, clean-ups and/or variations of the area forming the basis of this suit, including inspection logs and/or visual inspection check lists.  The response to this request should include any and all documentation used and/or referenced to provide responses to any of the Plaintiff's interrogatories set out above.

13.     Produce any and all documentation evidencing or relating to the Defendant's policies and procedures, whether written or otherwise, for cleaning, maintaining and/or inspecting floors on the premises, and specifically, any and all documentation evidencing how and in what

manner the Defendant is to protect the safety of patrons and/or warn patrons from dangerous and/or defective conditions existing on the premises of the Defendant.

14.     Please produce all manuals, booklets, documents, or other materials setting out the retention policies for surveillance video.  This would include surveillance video capturing the time and place involving an incident worthy of an incident report.

15.     Please produce a copy of any and all documents, notes, correspondence, manuals, logs, reports or any data in any form that was referred to or relied upon in any way in responding to Plaintiff's interrogatories.

16.     Produce complete copies of any and all documents you receive throughout the course of this litigation that you obtain by way of a signed release of the plaintiff and/or by way of a **Rule 45 subpoena**.

*/s/ John David Lawrence*
JOHN DAVID LAWRENCE (LAW036)
Attorney for Plaintiff

**OF COUNSEL:**

**FARRIS, RILEY & PITT, L.L.P.**
The Financial Center
505 20th Street North, Suite 1700
Birmingham, AL  35203
T: (205) 324-1212
F: (205) 324-1255
jlawrence@frplegal.com

**TO CLERK: PLEASE SERVE WITH SUMMONS AND COMPLAINT**



AlaFile E-Notice

05-CV-2023-900564.00

To:   JOHN DAVID LAWRENCE
      jlawrence@frplegal.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

JASMINE ANDERSON V. BUC-EE'S ALABAMA, LLC
05-CV-2023-900564.00

The following complaint was FILED on 5/17/2023 2:17:04 PM

Notice Date:    5/17/2023 2:17:04 PM

BRENDA Q. GANEY
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL, 36507

251-937-0280
brenda.ganey@alacourt.gov



USPS CERTIFIED MAIL



9236 0901 7301 4105 2300 0395 16

*312 COURTHOUSE SQUARE*
*SUITE 10*
*BAY MINETTE, AL, 36507*

05-CV-2023-900564.00

**Restricted Delivery**

To:  BUC-EE'S ALABAMA, LLC
C/OCT CORP SYSTEM
2 N.JACKSON ST.,STE.605
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

**JASMINE ANDERSON V. BUC-EE'S ALABAMA, LLC**
**05-CV-2023-900564.00**

The following complaint was FILED on 5/17/2023 2:17:04 PM

Notice Date:      5/17/2023 2:17:04 PM

**BRENDA Q. GANEY**
**CIRCUIT COURT CLERK**
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL 36507

251-937-0280
brenda.ganey@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>05-CV-2023-900564.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**
**JASMINE ANDERSON V. BUC-EE'S ALABAMA, LLC**

**NOTICE TO:** BUC-EE'S ALABAMA, LLC, C/OCT CORP SYSTEM 2 N.JACKSON ST.,STE.605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JOHN DAVID LAWRENCE
,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 1728 Third Avenue North, Fifth Floor, BIRMINGHAM, AL 35203 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JASMINE ANDERSON
pursuant to the Alabama Rules of the Civil Procedure.                    *[Name(s)]*

| 05/17/2023 | /s/ BRENDA Q. GANEY | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ JOHN DAVID LAWRENCE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                              *(Name of County)*

Alabama on _____ .

*(Date)*

_____      _____      _____

*(Type of Process Server)*      *(Server's Signature)*      *(Address of Server)*

_____      _____

*(Server's Printed Name)*      *(Phone Number of Server)*

**UNITED STATES POSTAL SERVICE**

May 22, 2023

Dear Circuit Clerk:

| UJS Information | |
|---|---|
| Case Number: 05-CV-2023-900564.00 | Intended Recipient: |
| Document Type: Complaint | BUC-EE'S ALABAMA, LLC  (D001) |
| Restricted Delivery Requested: Yes | C/OCT CORP SYSTEM |
| | 2 N.JACKSON ST.,STE.605 |
| | MONTGOMERY, AL 36104 |

The following is in response to your request for proof of delivery on your item with the tracking number: **9236 0901 7301 4105 2300 0395 16**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered to Agent for Final Delivery |
| **Status Date / Time:** | May 22, 2023, 8:20 am |
| **Location:** | MONTGOMERY, AL 36104 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail Restricted Delivery |
| | Return Receipt Electronic |

## Recipient Signature

Signature of Recipient:
(Authorized Agent)

Marilee Petty

Address of Recipient:

2 N Jackson St 605

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004