**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| JASMINE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 23-00228-KD-B |
| | ) | |
| BUC-EE'S ALABAMA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on the Notice of Removal and Corporate Disclosure Statement filed by Defendant Buc-ee's Alabama LLC (docs. 1, 4).

I. Notice of Removal

This action was removed on basis of diversity jurisdiction (doc. 1). As the removing Defendant, Buc-ee's has the "burden of establishing the citizenship of the parties." Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004). In that regard, Buc-ee's alleges that Jasmine Anderson is a citizen of Louisiana and that "Buc-ee's is a Delaware corporation with its principal place of business in Texas" and therefore, "a citizen of Texas for purposes of diversity jurisdiction" (doc. 1, p. 2). Buc-ee's alleges that complete diversity of citizenship exists (Id.).

However, citizenship for a limited liability company is determined by the citizenship of its members, not by the state of formation or principal place of business. The rule for diversity jurisdiction in this circuit is that a "limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P., 374 F. 3d at 1021. Thus, to show that its citizenship is diverse from Anderson, Buc-ee's "must list the citizenships of all the members of the limited liability company". See Purchasing Power LLC v. Bluestem Brands, Inc., 851 F. 3d 1218 (11th Cir. 2017) ("[I]t is common for an LLC to be a member of another

LLC. Consequently, citizenship of LLC's often end up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC."); See, e.g., 3333 Canal Street, LLC v. Roofing Supply Group - Tampa, LLC, 2021 WL 3055007 and note 2 (M.D. Fla. Jul. 20, 2021) (addressing how unincorporated entities must assure complete diversity exists in their removal documents before a court may exercise jurisdiction) (citing Thermoset Corp. v. Bldg. Materials Corp. of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after 3 years of litigation because the court pleadings insufficiently alleged an LLC defendant's citizenship and it was realized the LLC had a non-diverse member).

Accordingly, Defendant Buc-ee's is **ORDERED** to file on or before **August 18, 2023,** a **supplement to its Notice of Removal to properly allege its citizenship**. See Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009) ("If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission,' as authorized by [28 U.S.C.] § 1653."); 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

II. Corporate disclosure statement

Buc-ee's identifies certain entities and persons and their relationship to Buc-ee's in the Corporate Disclosure Statement (doc. 4). All but one are identified as "Owners" (Id.). However, S.D. Ala. Civ. LR 7.1 requires as follows:

> (b) The Disclosure Statement shall identify the represented entity's general nature and shall identify all parents, subsidiaries, partners, members, managers, trustees, affiliates, and similarly related persons and entities. Members of a trade association or professional association need not be identified. For purposes of this Rule, an "affiliate" is an entity that directly, or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with, the specified entity; a "parent" is an affiliate that controls such entity directly, or indirectly through intermediaries; a "subsidiary" is an affiliate controlled by such entity directly, or indirectly through one or more intermediaries; and a "trade association" is a continuing association of numerous organizations or individuals

operated for the purpose of promoting the general commercial, professional, legislative or other interests of the membership.

"Owners" are not among the entities to be disclosed.  Accordingly, Defendant Buc-ee's is **ORDERED** to file on or before **August 18, 2023,** an amended corporate disclosure statement which complies with the Local Rules.

This Court's Disclosure Statement form may be found in the Local Rules, Part D, Appendix of Forms, on the Court's website. https://www.alsd.uscourts.gov/court-info/local-rules-and-orders

**DONE** and **ORDERED** this 28th day of June 2023.

> **s / Kristi K DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

3